IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TYRECE NEBAREZ,

                    Plaintiff,

      vs.

NORFOLK REGIONAL CENTER,

                    Defendant.

**8:21CV278**

**MEMORANDUM
AND ORDER**

Plaintiff, a patient at the Norfolk Regional Center ("NRC"),[1] has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains he was placed on a "10-foot no contact" order with another patient for passing and receiving a notebook. Plaintiff alleges the order was entered because the treatment team thinks he is going to act out sexually. He wants the order lifted and an award of damages.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

---

[1] For purposes of analyzing Plaintiff's Complaint, the court assumes he is a civilly committed detainee.

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his rights under the First and Eighth Amendments have been violated. On the facts alleged, however, it appears Plaintiff's claims arise, if at all, under the Fourteenth Amendment.

The right to free speech encompasses the right to association, which is constitutionally protected in two distinct senses: freedom of expressive association and freedom of intimate association. *Roberts v. United States Jaycees,* 468 U.S. 609, 617-18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). Expressive association—the right to associate for the purpose of engaging in those activities protected by the First Amendment (speech, assembly, petition for the redress of grievances, and the exercise of religion)—is governed by First Amendment principles. *Id.* at 618, 104 S.Ct. 3244 (noting that "[t]he Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties."). Intimate association characterized as "choices to enter into and maintain certain intimate

human relationships" receives protection as a fundamental element of personal liberty under the Due Process Clause. *Id.* at 617-18, 104 S.Ct. 3244; *Bellotti,* 435 U.S. at 778, 98 S.Ct. 1407 (stating "the liberty of speech and of the press which the First Amendment guarantees against abridgment by the federal government is within the liberty safeguarded by the Due Process Clause of the Fourteenth Amendment"). These two constitutionally-protected freedoms can coincide particularly when the state interferes with an individual's selection of those with whom they wish to join in a common endeavor. *Roberts,* 468 U.S. at 618, 104 S.Ct. 3244.

*Activision TV, Inc. v. Pinnacle Bancorp, Inc.*, 976 F. Supp. 2d 1157, 1164–65 (D. Neb. 2013).

Here, Plaintiff appears to be claiming that NRC has interfered with his right to associate with another patient. That is to say, Plaintiff is asserting an intimate association claim under the Fourteenth Amendment. "Courts are split as to whether a roommate or friendship relationship is entitled to constitutional protection." *Daywitt v. Minnesota Dep't of Hum. Servs.,* No. 17-CV-5574 (NEB/TNL), 2018 WL 8224922, at *6 (D. Minn. Dec. 14, 2018) (citing cases), *report and recommendation adopted as modified*, 2019 WL 1417451 (D. Minn. Mar. 29, 2019). Even so, "it does not appear that any federal court has recognized a right of confined or committed individuals to choose their roommate. Though some courts have recognized similar relationships in other contexts as warranting constitutional protection, none is in the context of commitment or confinement." *Id.*, 2019 WL 1417451, at *5.

"[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). Instead, "[t]he rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment." *Id.* This is also true of claims brought by pretrial detainees. See *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ( "Due process requires that a pretrial detainee not be punished.") (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

The Eighth Circuit has determined that a conditions-of-confinement claim brought by a pretrial detainee should be analyzed using an objective "punishment"

standard, rather than a subjective "deliberate indifference" standard. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020). "However, not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained. Furthermore, there is a *de minimis* level of imposition with which the Constitution is not concerned." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (citations omitted); *see also Mee Mee Brown v. Dawson*, No. 8:16CV569, 2017 WL 6372656, at *3 (D. Neb. Dec. 12, 2017) (denying request by civilly committed detainee for lifting of "no contact" order "because the court will not involve itself in managing, or establishing policy regarding, disputes between patients at the Norfolk Regional Center.").

Even if Plaintiff might have a plausible Fourteenth Amendment claim, the Norfolk Regional Center, as a state instrumentality, is not a "person" that can be sued under 42 U.S.C. § 1983. *Wiley v. Hamik*, No. 8:20CV160, 2020 WL 3100190, at *2 n. 2 (D. Neb. June 11, 2020). NRC is also immune from suit in federal court. *Id.* The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employees' official capacities. *Id.* However, sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff's Complaint does not identity a person who may be sued for damages in his or her individual capacity, or for equitable relief (*i.e.*, lifting the "10-foot no contact" order) in his or her official capacity. However, the court on its own motion will give Plaintiff leave to file an amended complaint that names a proper defendant.[2] In drafting an amended complaint, Plaintiff should be mindful that in order to state a plausible claim for damages, he must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Webb v. Nebraska*, No. 4:21CV3058, 2021 WL 2002925, at *3 (D. Neb. May 19, 2021).

---

[2] Naming the treatment team as a defendant will not suffice because it is not a suable entity. A defendant must be an actual person.

Because there is no vicarious liability, the plaintiff in a § 1983 action "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Finally, Plaintiff's Complaint includes a request for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Here, the facts of the case should be known to Plaintiff, he has been instructed how to correct certain deficiencies in his current Complaint, and he appears capable of presenting his claims in an understandable manner. This case is still at the pleading stage, so there is no conflicting testimony. Plaintiff understandably faces challenges representing himself, but "most indigent prisoners [or detainees] will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Thus, having considered the factors outlined above, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion.

## IV. CONCLUSION

This action is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. However, Plaintiff will be given 30 days to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint

5

within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, he shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set this pro se case management deadline: **October 15, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

6. Plaintiff's request to appoint counsel is denied without prejudice.

Dated this 15th day of September 2021.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge